1  KEVIN V. RYAN (CSBN 118321)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  CHINHAYI J. COLEMAN (CSBN 194542)
   Assistant United States Attorney
4
5      150 Almaden Boulevard, Suite 900
       San Jose, California 95113
       Telephone: (408) 535-5087
6      FAX: (408) 535-5081

7  Attorneys for Defendant UNITED STATES OF AMERICA

8
                 UNITED STATES DISTRICT COURT
9
               NORTHERN DISTRICT OF CALIFORNIA
10
                  SAN FRANCISCO DIVISION
11

12  JO FAY and THOMAS FAY,           )   No.  C 04-3588 CRB and C 05-1481 CRB
                                     )
13        Plaintiffs,                )   STIPULATION AND [PROPOSED]
                                     )   ORDER APPROVING COMPROMISE
14     v.                            )   SETTLEMENT
                                     )
15  UNITED STATES OF AMERICA,        )
                                     )
16        Defendant.                 )
    _____)
17

18

19

20

21

22

23

24

25

26

27

28  STIPULATION AND [PROPOSED] ORDER APPROVING COMPROMISE SETTLEMENT
    C 04-3588 CRB
    C 05-1481 CRB

1  IT IS HEREBY STIPULATED by and between Plaintiffs Jo Ann Fay and Thomas Fay

2  (collectively "Plaintiffs") and Defendant United States of America, as follows:

3  1.  The parties do hereby agree to settle and compromise Jo Fay and Thomas Fay v.

4  United States of America (Northern District of California Case Number C 04-3588 CRB) and the

5  related case of the same title (Northern District of California Case Number C 05-1481 CRB),

6  under the terms and conditions set forth herein.

7  2.  Defendant United States of America agrees to pay to Plaintiffs Jo Ann Fay and

8  Thomas Fay collectively the sum of _thirty five thousand dollars_ and no cents

9  ($ _35,000_ .00), which sum shall be in full settlement and satisfaction of any and all claims,

10  demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason

11  of any and all known and unknown, foreseen and unforeseen bodily and personal injuries,

12  damage to property and the consequences thereof, resulting, and to result, from the same subject

13  matter that gave rise to the above-captioned lawsuit, including any claims for wrongful death, for

14  which Plaintiffs or their heirs, executors, administrators, or assigns, and each of them, now have

15  or may hereafter acquire against the United States of America, its agencies, agents, servants, and

16  employees.

17  3.  Plaintiffs and their heirs, executors, administrators or assigns hereby agree to

18  accept the sum listed in paragraph 2 in full settlement and satisfaction of any and all claims,

19  demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason

20  of any and all known and unknown, foreseen and unforeseen bodily and personal injuries,

21  damage to property and the consequences thereof which they may have or hereafter acquire

22  against the United States of America, its agencies, agents, servants and employees on account of

23  the same subject matter that gave rise to the above-captioned lawsuit, including any future claim

24  for wrongful death.  Plaintiffs and their heirs, executors, administrators or assigns further agree

25  to reimburse, indemnify and hold harmless the United States of America, its agencies, agents,

26  servants or employees from any and all such causes of action, claims, liens, rights, or subrogated

27  or contribution interests incident to or resulting from further litigation or the prosecution of

28

STIPULATION AND [PROPOSED] ORDER APPROVING COMPROMISE SETTLEMENT
C 02-3246 VRW

1 claims by Plaintiffs or their heirs, executors, administrators or assigns against any third party or

2 against the United States, including claims for wrongful death.

3    4.    This stipulation for compromise settlement shall not constitute an admission of

4 liability or fault on the part of the United States, its agencies, agents, servants, or employees, and

5 is entered into by the parties for the purpose of compromising disputed claims and avoiding the

6 expenses and risks of litigation.

7    5.    This Agreement may be pled as a full and complete defense to any subsequent

8 action or other proceeding involving any person or party which arises out of the claims released

9 and discharged by the Agreement.

10    6.    It is also agreed, by and among the parties, that the settlement amount of

11 thirty five thousand            dollars and no cents ($  35,000.00) to Plaintiffs

12 collectively represents the entire amount of the compromise settlement and that the respective

13 parties will each bear their own costs, fees, and expenses and that any attorneys' fees or liens

14 owed by Plaintiffs will be paid out of the settlement amount and not in addition thereto.

15    7.    It is also understood by and among the parties that, pursuant to Title 28, United

16 States Code, Section 2678, attorneys' fees for services rendered in connection with this action

17 shall not exceed 25 percent of the amount of the compromise settlement.

18    8.    Payment of the settlement amount will be made by a check drawn on the United

19 States Postal Service for  thirty five thousand    dollars and no cents ($ 35,000 .00)

20 and made payable to Jo Ann Fay, Thomas Fay and the Law Offices of Bennett, Johnson &

21 Galler.

22    9.    In consideration of this Agreement and the payment of the foregoing amount

23 thereunder, Plaintiffs agree that upon notification that the settlement check is ready for delivery,

24 they will deliver to Defendant's counsel a fully executed Stipulation of Dismissal with prejudice

25 of Jo Fay and Thomas Fay v. United States of America, C 04-3588 CRB and the related case Jo

26 Fay and Thomas Fay v. United States of America, C 05-1481 CRB.  Upon delivery of the

27 Stipulations of Dismissal, Defendant's counsel will release the settlement check to Plaintiffs'

28

STIPULATION AND [PROPOSED] ORDER APPROVING COMPROMISE SETTLEMENT
C 02-3246 VRW

counsel or his agent.

10.     Plaintiffs have been informed that payment may take sixty days or more to process, but Defendant agrees to make good faith efforts to expeditiously process said payment.

11.     The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiffs shall not seek to rescind the Agreement and pursue their original causes of action.  Plaintiffs' sole remedy in such a dispute is an action to enforce the Agreement in district court.  The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

12.     Plaintiffs hereby release and forever discharge the United States and any and all of its past and present officials, employees, agencies, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of action, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in the pleadings in this action.

13.     The provisions of California Civil Code Section 1542 are set forth below:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiffs, having been apprised of the statutory language of Civil Code Section 1542 by their attorneys, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights they may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiffs understand that, if the facts concerning Plaintiffs' injuries and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

14.     This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement.  The parties further acknowledge that no warranties or representations have been

STIPULATION AND [PROPOSED] ORDER APPROVING COMPROMISE SETTLEMENT
C 02-3246 VRW

4

1   made on any subject other than as set forth in this Agreement.  This Agreement may not be

2   altered, modified or otherwise changed in any respect except by writing, duly executed by all of

3   the parties or their authorized representatives.

4

5   Dated:  September 26, 2006

6   JO ANN FAY
    Plaintiff

7   Dated:  September 26, 2006

8   THOMAS FAY
    Plaintiff

9

    LAW OFFICES OF BENNETT, JOHNSON & GALLER

10

11  Dated: September 26, 2006

    RICHARD D. BENNETT
    Attorney for Plaintiffs

12

13  Dated: September 26, 2006      KEVIN V. RYAN
                                   United States Attorney

14

15  CHINHAYI J. COLEMAN
    Assistant United States Attorney

16

17                          [PROPOSED] ORDER

18  APPROVED AND SO ORDERED.

19  Dated:  October 5, 2006

20                                  THE HONORABLE CHARLES R. BREYER
                                    United States District Court Judge

21

22                                  IT IS SO ORDERED
23
24                                  Judge Charles R. Breyer
25
26
27
28

STIPULATION AND [PROPOSED] ORDER APPROVING COMPROMISE SETTLEMENT
C 02-3246 VRW
                                        5